(140 App. Div. 238.)

## In re CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   October 20, 1910.)

1. EMINENT DOMAIN (§ 71*)—STATUTES—CONSTITUTIONALITY.

Greater New York Charter (Laws 1901, c. 466) § 824a, as amended by Laws 1909, c. 331, providing for the acquisition of property by the dock commissioner by purchase or condemnation, does not take property on the statute going into effect, but simply gives discretionary power to the commissioner of docks, and hence is not unconstitutional as providing for the taking of property without just compensation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 180–187; Dec. Dig. § 71.*]

2. CONSTITUTIONAL LAW (§ 48*)—PRESUMPTIONS.

The action of the Legislature is presumed to have been taken in harmony with the Constitution, and it is only when it clearly appears that this presumption is not warranted that the courts interfere.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. § 48.*]

Appeal from Special Term, Kings County.

Application by the City of New York to acquire title to certain uplands, etc., near the foot of Broadway in the borough of Brooklyn for ferry purposes. From an order granting a petition to appoint commissioners of estimate (125 N. Y. Supp. 209), the New York Terminal Company appeals. Affirmed.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

G. Caspar Niles (John Delahunty, John J. Kirby, and William H. Blymyer, on the brief), for appellant.

Theodore Connoly (Charles D. Olendorf and George M. Curtis, Jr., on the brief), for respondent.

WOODWARD, J. The appellant, the New York Terminal Company, challenges the constitutionality of section 824a of the Greater New York Charter, as amended by chapter 331 of the Laws of 1909; the only specification being that the effect of the statute—

"would have been to have taken specific property from this claimant on the 11th day of May, 1909, without providing for the payment therefor at the time of so taking, or of payment therefor, with interest from the time of so taking, in contravention of sections 6 and 7 of article 1 of the Constitution of the state of New York."

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The theory of the appellant seems to be that under the territorial limitation of the statute the only property involved is that owned by the appellant, and that the statute, by authorizing the taking, in effect took the property upon the statute going into effect, and that just compensation required the payment of the value as of that date. The difficulty with the theory is that the statute does not take the property. It simply gives a discretionary power to the commissioner of docks, with the approval of the commissioners of the sinking fund, to acquire by purchase or condemnation the property located at a given point. It took nothing from the New York Terminal Company. That corporation had just the same property rights on and after the 11th day of May, 1909, that it had before that day. The property was not depreciated because the dock commissioner was authorized to purchase the same in his discretion either at private sale or by condemnation proceedings. In fact, the very act of the Legislature complained of had a tendency to give value to the property at a price which should constitute just compensation, and in the absence of some very special circumstances, showing conclusively that the property had been depreciated, the appellant would have very little standing to raise the question. The property has always been held subject to the power of the state to take the same under its power of eminent domain, and its situation is not changed because the Legislature elected in a particular instance to make this power depend upon the discretion of the dock commissioner instead of the municipal legislative body or some other board or officer.

It is a well-settled principle of constitutional law that the action of the Legislature is presumed to have been taken in harmony with the Constitution, and it is only when it is made to clearly appear that this presumption is not warranted that the courts interfere. The Legislature of the state has all powers of legislation which have not been taken away, and our attention is not called to any provision which denies to the Legislature the power to invest a dock commissioner with the discretionary power to determine whether he will purchase or take by condemnation a particular piece of property, and this is all the legislation here under consideration seeks to do. If it is taken under the power of eminent domain, the Constitution provides that just compensation shall be paid, and the appellant has full opportunity to go into the question of what that compensation is; but it can hope for but small success in questioning the power of the Legislature to enact the statute here under consideration. The act does not take property. It only provides, what is already the law, that the appellant's property may be taken for public purposes under the power of eminent domain, and merely the method of procedure is changed.

The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. THOMAS, RICH, and CARR, JJ., concur. BURR, J., not voting.